## FLYNN v. MAGRAW et al.

District Court, S. D. New York.
April 17, 1939.

Joseph Sternlieb, of New York City, for plaintiff.

Thomson & McGinty, of New York City, for defendants.

HULBERT, District Judge.

Plaintiff seeks an order pursuant to Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, directing the defendant Thomas Manor, Inc., by John J. McGinty, director and officer, to appear and produce all books of account, cancelled checks and contracts of Thomas Manor, Inc., and correspondence between it and certain persons therein named, together with books, records, documents, corporate minutes, resolutions and stock certificate records of said corporation, for inspection, with a right to copy and photograph.

Mr. McGinty is a member of the Bar and of the firm who appear as attorneys for the defendants in this action.

A previous application was made herein to examine Thomas Manor, Inc., by John J. McGinty, a director thereof, and to have its books produced. The Court denied the motion for discovery and inspection, without prejudice, but permitted the examination of Mr. McGinty on matters relating to the person or persons having control and possession of the books, records and documents of Thomas Manor, Inc. During the course of that examination Mr. McGinty testified that he was a director of the corporation but denied that he had been at any time an officer thereof. The plaintiff now produces a photostatic copy of a corporate report and tax return made to the Secretary of State of Florida by Thomas Manor, Inc., May 5, 1937 which bears the admitted signature of John J. McGinty as its secretary.

The plaintiff also produces a copy of a corporate report and tax return to the Secretary of the State of Florida purporting to have been filed by Thomas Manor, Inc., July 11, 1938 which sets forth the names and addresses of the officers, including the name John J. McGinty as secretary. The signature of the President was attested by William M. F. Magraw, Assistant Secretary. It appears that at the time of the previous examination of Mr. McGinty, plaintiff's counsel had these documents in his possession but did not confront Mr. McGinty with them.

On this motion Mr. McGinty has submitted an affidavit in which he states that so far as he knows he never was secretary of Thomas Manor, Inc., and in order to make more certain he caused the corporate minute book to be forwarded to him and permitted the examination thereof by the plaintiff's attorney, and that such corporate minute book shows that William M. F. Magraw was, and is, and always has been, such secretary, and that Mr. McGinty does not have the custody or possession of any of the books, documents, contracts or correspondence which he has been called upon to produce for inspection.

If this motion were granted and Mr. McGinty failed to comply with the order, it hardly seems possible that the Court would be justified in adjudging him in contempt of Court.

It may be a hardship for the plaintiff but an application to examine the known officers, and for the production and inspection of the books, documents, contracts and correspondence can be made in Florida.

But upon the facts presented, the present motion must be denied, without prejudice. Settle order on two days' notice.